GRAND-ISLE, JOSEPH ADAMS, surviving administrator of JOHN STARK, deceased,
January, 1831. *vs.*
WARREN CORBIN, executor of PETER SAWYER, deceased.

On an appeal from the decision of commissioners, the claimant must declare, and the trial proceed, according to the nature of his claim.

A surviving administrator, appealing from the decision of commissioners disallowing his claim against the estate of his late co-administrator, for property that was in his hands as such, may declare in account.

In such case, the auditor has nothing to do with evidence, that might be proper on the subject of a division, but does not affect the accounting.

The appellant, recovering his claim, that was before disallowed, must recover cost.

*Joseph Adams* and *Peter Sawyer* were joint administrators of the estate of *John Stark*. While they acted as such, *Sawyer* had the custody and disposal of many articles of personal property, belonging to the estate of *Stark*, and died without settling his accounts about the same before the probate court. This left *Adams* sole administrator of the estate of *Stark*. *Sawyer* left a will in which *Corbin* was appointed his executor, who acted as such. *Corbin* represented the estate of *Sawyer* to be insolvent, and commissioners were appointed before whom the plaintiff exhibited his claim as administrator of *Stark*, for the property disposed of by *Sawyer* while he was co-administrator. This claim was disallowed by the commissioners; and, after their report was returned to the court of probate, the plaintiff appealed to the county court, where his claim was prosecuted in the form of an action of account. Judgement to account was rendered and an auditor appointed. The auditor made a report, containing a circumstantial detail of the points litigated, and the facts proved with regard

to each.  Exceptions were taken to this report ; but it was accepted by the county court ; and exceptions were taken to that decision, upon which the cause came to this Court.  The points here litigated embraced but a small part of the report, with the exception to the plaintiff's mode of declaring ; and sufficient is alluded to in the arguments, and in the opinion of the Court, to be understood, without stating the report at large.

GRAND-ISLE,
*January,*
1831.

Stark's admr.
*vs.*
Sawyer's exr.

*Argument for the defendant.*—1. The defendant contends, the action of account will not lie against *Sawyer,* under the reported statement of facts, and, of course, the claim could not have been presented to commissioners.—*Stat.* 142.

2.  That, if the action be properly brought, the court have decided incorrectly, in saying that the plaintiff ought not to answer the question, " whether he is now holden to the creditors of *Stark's* estate for their dividends.

3.  That, if the action will lie, the defendant ought to have been allowed to put the question to the plaintiff, " whether the plaintiff now has in his hands any of the estate of *John Stark,* and, if so, how much ?

4.  That, if there should be a judgement for the plaintiff in this case, he ought not to recover cost, but to pay cost to the defendant.—*Stat.* 354.

*Argument for the plaintiff.*—1. The plaintiff, being the representative of the estate of *Stark,* has the legal title to the funds of the estate in whatsoever hands they may be found, unless barred by some rigid rule of law.—*Stat.* 340.

2.  From the report it is evident, that the defendant's testator was indebted to that estate.  The question is, can the defendant retain the property of *Stark's* estate in his hands, and refuse to account for it, or pay over to *Stark's* representative ?  Here is a debt, and the representative of all, who are interested in the fund, or estate, to which it is owing ; and why shall it not be paid to him ?  It would seem, if the defendant is not in a situation to hold, against all the world, the sum found by the auditor to be due from the estate which he represented, that the judgement of the county court, accepting the report, ought to be affirmed.— *Stat.* 142 ; 5 *Pick. Rep.* 96 ; *Executors of Smith* vs. *Chapman's executors,* 5 *Conn.* 14 ; *Executors of Loop* vs. *Administrators of J. B. Loop,* 1 *Vt.* 177.

3.  The questions, proposed by the defendant's counsel to the

plaintiff, for the purpose stated by the auditor, were properly over-ruled : for 1. The declared object of the inquiry was frivolous and impertinent.    2. The inquiry cannot be considered proper in any point of view—The action is brought to compel the defendant to give an account of the property, which his testator had received as administrator, and which had not been administered upon.

4. The question as to costs depends upon a construction of the proviso to the 93d section of the probate act.—(*Stat.* 354.)    A fair construction of this section, taken in connexion with the provisions made for exhibiting and litigating all manner of actions before commissioners, and with the nature of an appeal therefrom, on any one cause of action, will not sustain the doctrine contended for by the defendant.

HUTCHINSON, Ch. J., after stating the case, pronounced the opinion of the Court.—Three exceptions only are now urged. The first is, that this action of account does not lie—That it would not lie in favor of plaintiff against *Sawyer*, if he were living, and therefore will not now lie against his estate.    This action would not lie in favor of the plaintiff against *Sawyer*, while they remained co-administrators ; and this for the good reason, that *Sawyer* would be as much liable to the creditors and heirs, as the plaintiff would ; and both and each must account before the probate court.    This accounting is necessary to show their respective liabilities, in case of their defaults occasioning suits upon their probate bonds, and this, whether they had given one bond jointly, or each severally.    If either ceased to be administrator, while living, by removing from the state, or in any way pointed out by statute, he ought to render his account before the court of probate; and, if he neglects, his bondsmen are liable.    But a suit upon the probate bond is at the instance of a creditor or heir.    But if a sole administrator resigns, or is discharged while living, his successor may call from him the property he may have retained, belonging to the estate.    And he may call it out by a proper action.    If it is yet on hand, and he has no lien upon it, it may be called out by an action of trover.    Possibly, circumstances might be such, that an action of account would be the most appropriate action.    There probably would be no legal necessity of taking the remedy upon the probate bond, if the principal was sufficiently able to respond.    In like manner if one of two administrators be discharged, while living, the one who continues to administer represents the whole es-

GRAND-ISLE,
January,
1831.

Stark's admr.
vs.
Sawyer's exr.

tate, and has the same powers to collect and administer the estate, as though he were newly appointed a successor to the former administrator.

But whatever course of proceeding the law would require between co-administrators, while living, no argument can be thence drawn to affect this case. *Sawyer* is not a co-administrator. He ceased to be such by his decease. His estate being represented insolvent, whatever claim there might be upon his estate must go before commissioners, or it would be forever barred. If a creditor or heir of *Stark* presented the claim, he might choose to present the probate bond. If his bail paid in his life time they might present a claim for remuneration. But the plaintiff, as surviving, and sole, administrator of *Stark*, has presented his claim direct for the property had and disposed of by *Sawyer*, and not accounted for. His claim was disallowed; and he appealed. The law requires him to file a declaration of his demands preparatory to a trial on the appeal; which then assumes the form of a suit at common law. And his declaration must be such as is suited to his claim. And, if he has a variety of demands, such as could not be joined in one declaration at common law, he must declare upon them all in separate counts. Otherwise the forms of the common law would destroy his rights under the statute; which must not be admitted, and these must be met by various pleas suited to their nature. And, on trial, verdicts must be formed, that amount to a finding on all the various issues. And, in some cases, the trials must be different. Thus, if the creditor has claims in assumpsit, and on account, and on book account, under our statute, after an appeal from the decision of commissioners, he must declare according to those several claims, and the assumpsits must be tried by jury, and the accounts go to auditors. This plaintiff has declared in account as bailiff and receiver. On examining the items of the account reported, this appears to be the proper mode of declaring. The items are not at all of a character to be charged on book account; for there has been no sale to *Sawyer*, of any of the property. It was emphatically property in his hands in trust to account for in some way. As he received it in his capacity of administrator—that he had paid it out as such in good faith, is good accounting; and that, and his services, might turn the balance against the plaintiff. If the property were goods and chattels, that remained unsold at the decease of *Sawyer*, if *Sawyer's* executor chooses to deliver them up on request, or as soon as *Sawyer* had deceased, treating the same as the property

GRAND-ISLE, of *Stark*, the plaintiff can have no further claim.  The course of
*January*,
 1831,      proceeding here delineated seems necessarily to result from the
─────────── regulations of our statute, regulating the settlement of estates rep-
Stark's admr. resented insolvent.  And, according to this course, the plaintiff
  *vs.*
Sawyer's exr.
is rightly pursuing his claim.  It has become his duty to complete
the settlement of the estate of *John Stark*, ; and he must get this, as
well as the other property of *Stark*, under his control, before he
can pay it out to the creditors and heirs.

Another question presented is this : At the hearing before the
auditor, the defendant's counsel proposed certain questions to the
plaintiff, while swearing to his account, with the professed view of
compelling a division, between the plaintiff and the estate of *Saw-
yer*, of what property should remain after paying the debts of
*Stark*.  These questions were, 1st, whether the plaintiff is now
holden to the creditors of said estate for their dividends ?  2d.
whether the plaintiff has now in his hands any of the estate of
*John Stark* ; and, if so how much ?  The auditor decided, that
the plaintiff need not answer these questions.  This decision was
correct.  The questions would be proper before the court of
probate, on a final settlement of the estate ; but they lead to no
facts, with which the auditor had any concern.  They had no re-
lation to the accounting.  If the defendant had any right as heir,
as would seem probable by the facts stated in the report, that
would not affect this accounting ; but only would affect the divis-
ion, that must be ordered by the court of probate, after the ad-
ministrator has got the estate into his hands ready to be divided.

The remaining question is, whether the plaintiff shall recover
cost, or be compelled to pay the cost to the appellee.
The statute, page 354, provides, in general terms, that the
party recovering on such appeals, shall recover costs, as in
other actions at law.  Afterwards the courts are empowered
to tax costs either way in their discretion.  We think this discre-
tionary power was given for the purpose of checking frivo-
lous appeals.  Here the plaintiff's whole claim was disallow-
ed.  In that view his appeal cannot be frivolous ; especially as he
now recovers upon the merits.  It appears by the report of the
auditors, that, when the defendant was disposed to take advantage
of the statute of limitations, before the commissioners, the plaintiff
seemed to dislike it, and not care which way they decided.  By
this, the defendant must then have understood, that the plaintiff in-
tended to appeal if the claim was disallowed.  The defendant
now abandons that defence, which gave such umbrage to the plain-

tiff. The cost must be taxed for the plaintiff, as in ordinary ca-
ses, for the recovering party.

The judgement of the county court is affirmed, with costs, and Stark's admr.
*vs.*
Sawyer's exr. this decision must be certified to the court of probate, whence the appeal was carried to the county court.

*Smalley & Adams,* for plaintiff.
*Allen & Turner,* for defendant.